UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NICHOLAS M. ALAGNA, individually, and on behalf of all others similarly situated,<br><br>　　Plaintiff,<br><br>v.<br><br>MONARCH RECOVERY MANAGEMENT, INC.,<br><br>　　Defendant. | Case No. 1:20-cv-05958 |

## COMPLAINT

**NOW COMES** Plaintiff, NICHOLAS M. ALAGNA, individually, and on behalf of all others similarly situated, through undersigned counsel, complaining of Defendant, MONARCH RECOVERY MANAGEMENT, INC., as follows:

## NATURE OF THE ACTION

1. This action is brought pursuant to Fed. R. Civ. P. 23 by Plaintiff, individually, and on behalf of all others similarly situated, seeking redress for Defendant's violation(s) of the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

4. NICHOLAS M. ALAGNA ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided at 1N737 Timber Creek Drive, Winfield, Illinois 60190.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6.  MONARCH RECOVERY MANAGEMENT, INC. ("Defendant") is a corporation organized and existing under the laws of the state of Pennsylvania.

7.  Defendant maintains a principal place of business at 3260 Tillman Drive, Suite 75, Bensalem, Pennsylvania 19020.

8.  Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

9.  Defendant uses instrumentalities of interstate commerce and the mail in its business – the principal purpose of which is the collection of debt owed or due or asserted to be owed or due another.

## FACTUAL ALLEGATIONS

10. Plaintiff applied for a U.S. Bank, N.A. credit card.

11. Upon approval, U.S. Bank, N.A. issued Plaintiff a credit card.

12. Plaintiff activated this card and began using her card for personal and household purchases.

13. Over time, Plaintiff made $1,168.04 in charges to this card.

14. Plaintiff's $1,168.04 balance is a "debt" as defined by 15 U.S.C. § 1692a(5).

15. However, Plaintiff's financial situation changed, Plaintiff defaulted on payments, and Plaintiff's $1,168.04 balance was charged-off and referred for collection.

16. Defendant mailed Plaintiff a letter, dated September 3, 2020 (the "Letter"), which stated:

| ACCOUNT INFORMATION | | | |
|---|---|---|---|
| Date of Letter: | September 3, 2020 | Creditor: | U.S. BANK |
| Account Reference #: | ************5048 | | |
| **Monarch Reference #:** | 29317951 | Additional Information: | |
| **Balance:** | $1168.04 | | |

This is to advise you that your account has been transferred to our office for collection by U.S. BANK.

The account balance is $1168.04.

> Unless you notify this office verbally or in writing within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume this debt is valid. If you notify this office **verbally or in writing** within 30 days from receipt of this notice that the debt, or any portion thereof, is disputed, this office will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment and mail it to you. If you request of this office **verbally or in writing** within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor. You can contact Monarch using any phone number or any address listed on this letter.
>
> This is an attempt by a debt collector to collect a debt. Any information obtained will be used for that purpose. This communication is from a debt collector.
>
> If you have a complaint about the way we are collecting this debt, please write to our Compliance Center at 3260 Tillman Drive, Suite 75, Bensalem, PA 19020, email us at compliance@monarchrm.com, or call us toll-free at 1-800-220-0605 ext. 2261, between 9:00 A.M. Eastern Time and 5:00 P.M. Eastern Time Monday-Friday.
>
> Yours truly,
>
> **MATT FITHIAN, DEBT COLLECTOR**
> **TOLL FREE 844-280-6009**

17. The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

18. The Letter is the "initial written communication" as required by 15 U.S.C. § 1692g.

19. The Letter informed Plaintiff that he could request verification of the alleged debt or information about the original creditor – ***verbally or in writing***.

## **DAMAGES**

20. The FDCPA seeks to protect debtors from "the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a).

21. Section 1692g serves this end by giving debtors a way to dispute or verify their supposed debts.

22. And by obligating debt collectors to tell debtors how to do that, subsections (a)4) and a(5) reduce the risk that debtors will inadvertently lose the protections given to those who observe the statutory requirements.

23. Any consumer, not simply the unsophisticated consumer who read the Letter would not know that to secure their right to obtain verification of the debt and the identity of the original

creditor, their dispute of the debt and request for the identity of the original creditor must be in writing.

24. The Letter deceived Plaintiff into believing, *inter alia*, that he could obtain verification of the debt or the identity of the original creditor by calling Defendant at the telephone number provided on the Letter.

25. However, by stating that requests for information under subsections (a)(4) and a(5) can be made verbally or in writing, Plaintiff is not simply uncertain of his rights under the statute, he is completely unaware of them.

26. Concerned with having had his consumer rights violated, Plaintiff was forced to engage counsel; therefore, expending time and incurring attorney's fees to vindicate his rights.

## CLASS ALLEGATIONS

27. All Paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

28. Plaintiff brings this action pursuant to Fed. R. Civ. P. 23, individually, and on behalf of all others similarly situated ("Putative Class").

29. The Putative Class is defined as follows:

> *All natural persons residing in the State of Illinois (a) that received a correspondence from Defendant containing similar dispute language highlighted in Paragraph 19; (b) within the one (1) year preceding the date of this complaint through the date of class certification; and (c) in connection with the collection of a consumer debt.*

30. The following individuals are excluded from the Putative Class: (1) any Judge presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's

attorneys; (4) persons who properly execute and file a timely request for exclusion from the Putative Class; (5) the legal representatives, successors or assigns of any such executed persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released.

    **A.**    **Numerosity:**

31. Upon information and belief, Defendant mailed no less than 40 similar letters to Illinois consumers.

32. The exact number of members of the Putative Class are unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable.

33. Members of the Putative Class can be objectively identified from records of Defendant to be gained in discovery.

    **B.**    **Commonality and Predominance:**

34. There are many questions of law and fact common to the claims of Plaintiff and the Putative Class, and those questions predominate over any questions that may affect individual members of the Putative Class.

    **C.**    **Typicality:**

35. Plaintiff's claims are representative of the claims of other members of the Putative Class.

36. Plaintiff's claims are typical of members of the Putative Class because Plaintiff and members of the Putative Class are entitled to damages as result of Defendant's conduct.

    **D.**    **Superiority and Manageability:**

37. This case is also appropriate for class certification as class proceedings are superior to all other available methods for the efficient and fair adjudication of this controversy.

38. The damages suffered by the individual members of the Putative Class will likely be relatively small, especially given the burden and expense required for individual prosecution.

39. By contrast, a class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

40. Economies of effort, expense, and time will be fostered, and uniformity of decisions ensured.

**E.    Adequate Representation:**

41. Plaintiff will adequately and fairly represent and protect the interests of the Putative Class.

42. Plaintiff has no interests antagonistic to those of the Putative Class, and Defendant has no defenses unique to Plaintiff.

43. Plaintiff has retained competent and experienced counsel with substantial experience in consumer law.

**CLAIMS FOR RELIEF**

**COUNT I:**
**Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*)**

44. All Paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

**Violation of 15 U.S.C. § 1692e**

45. Section 1692e provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section.

> (10)    The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

46. Under the FDCPA, a debt collector's validation notice must state that the debt collector will obtain and mail the consumer a verification of the debt or will provide the consumer with the name and address of the original creditor if the consumer disputes the debt or requests information about the original creditor *in writing* within 30 days of receiving the collection letter. 15 U.S.C. § 1692g(a)(4)-(a)(5).

47. Defendant's statement that "[i]f you notify this office *verbally or in writing* within 30 days from receipt of this notice that the debt, or any portion thereof, is disputed, this office will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment and mail it to you" is false, deceptive, or misleading as a debt collector's statutory duty to verify the debt does not arise unless and until the debtor disputes the debt in writing; therefore, violating 15 U.S.C. § 1692e(10).

48. Defendant's statement that "[i]f you request of this office *verbally or in writing* within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor" is false, deceptive, or misleading as a debt collector's statutory duty to furnish information about the original creditor does not arise unless and until the debtor disputes the debt in writing; therefore, violating 15 U.S.C. § 1692e(10).

### Violation(s) of 15 U.S.C. § 1692g

49. Section 1692g(a) provides:

(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

    (1)    the amount of the debt;

    (2)    the name of the creditor to whom the debt is owed;

> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector *in writing* within the thirty-day period that the debt or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's **written** request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

50. Under the FDCPA, a debt collector's validation notice must state that the debt collector will obtain and mail the consumer a verification of the debt or will provide the consumer with the name and address of the original creditor if the consumer disputes the debt or requests information about the original creditor *in writing* within 30 days of receiving the collection letter. 15 U.S.C. § 1692g(a)(4)-(a)(5).

51. Defendant's Letter did not fully comply with the statutory requirement.

52. An oral notice of dispute of a debt's validity has different legal consequences than a written notice.

53. Section 1692g(b) provides that if the consumer notifies the collector of a dispute in writing within the 30-day period, the collector must cease collection activities until he obtains the verification or information required by subsections 1692g(a)(4) and (a)(5).

54. But if the consumer disputes the debt orally rather than in writing, the consumer loses the protections afforded by § 1692g(b); the debt collector is under no obligation to cease all collection efforts and obtain verification of the debt. *See Withers v. Eveland*, 988 F. Supp. 942, 947 (E.D. Va. 1997).

8

55. An oral dispute "triggers multiple statutory protections," but these protections are not identical to those triggered by a written dispute. *Camacho v. Bridgeport Fin. Inc*., 430 F.3d 1078, 1081 (9th Cir. 2005).

56. The FDCPA "assigns lesser rights to debtors who orally dispute a debt and greater rights to debtors who dispute it in writing." *Id*. at 1082.

57. "The plain meaning of § 1692g is that debtors can trigger the rights under subsection (a)(3) by either an oral or written 'dispute,' while debtors can trigger the rights under subsections (a)(4) and (a)(5) only through written dispute." *Camacho*, 430 F.3d at 1081; see also *Bicking v. Law Offices of Rubenstein & Cogan*, 783 F. Supp. 2d 841, 2011 U.S. Dist. LEXIS 48623, 2011 WL 1740156, at *4 (E.D. Va. May 5, 2011) ("Nor does it matter whether Defendants would have honored an oral request. A debt collector's statutory duty to verify the debt does not arise unless and until the debtor disputes the debt in writing."); *Fasten v. Zager*, 49 F. Supp. 2d 144, 148-49 (E.D.N.Y. 1999) ("Under Section 1692g(a)(4), verification is triggered only by the consumer writing a letter to the debt collector. Here, plaintiff's telephone call to defendant did not constitute such a request for verification.").

58. Defendant violated § 1692g(a) by failing to inform Plaintiff that requests under subsections (a)(4) and (a)(5) must be made in writing.

59. Plaintiff may enforce the provisions of 15 U.S.C. § 1692g(a) pursuant to section k of the FDCPA (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the FDCPA] with respect to any person is liable to such person in an amount equal to the sum of -

(1) any actual damage sustained by such person as a result of such failure;

(2)

(A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

(3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

**WHEREFORE**, Plaintiff requests the following relief:

A. an order granting certification of the proposed class, including the designation of Plaintiff as the named representative, the appointment of the undersigned as Class Counsel, under the applicable provisions of Fed. R. Civ. P. 23;

B. a finding that Defendant violated 15 U.S.C. § 1692e(10) and g(a);

C. an order enjoining Defendant from additional violation(s) of 15 U.S.C. § 1692e(10) and g(a);

D. an award of any actual damages sustained by Plaintiff and the Members of the Putative Class as a result of Defendant's violation(s);

E. an award of such additional damages, as the Court may allow, but not exceeding $1,000.00;

F. an award of such amount as the Court may allow for all other class members, not to exceed the lesser of $500,00 or 1 per centum of the net worth of Defendant;

G. an award of costs of this action, together with reasonable attorney's fees as determined by this Court; and

H. an award of such other relief as this Court deems just and proper.

Case: 1:20-cv-05958 Document #: 1 Filed: 10/07/20 Page 10 of 11 PageID #:10

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED: October 7, 2020                    Respectfully submitted,

**NICHOLAS M. ALAGNA**

By: */s/ Joseph S. Davidson*

Joseph S. Davidson
LAW OFFICES OF JOSEPH P. DOYLE LLC
105 South Roselle Road
Suite 203
Schaumburg, Illinois 60193
+1 847-985-1100
jdavidson@fightbills.com